UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, *Plaintiff/Petitioner,* v. JOSEPH J. FOX, *Defendant/Respondent.* | Case No.: 1:20-cv-4372 |

APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION
FOR AN ORDER UNDER SECTION 20(c) OF THE SECURITIES ACT OF 1933 AND
SECTION 21(e)(1) OF THE SECURITIES EXCHANGE ACT OF 1934
ENFORCING COMPLIANCE WITH A COMMISSION ORDER

The Petitioner, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), and Section 21(e)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), to enforce compliance by the Respondent, Joseph J. Fox, with the Commission's Order to Institute Administrative and Cease and Desist Proceedings ("OIP" or "Order") entered against him on September 8, 2015. In anticipation of the proceedings giving rise to the OIP, Fox consented to disgorge $125,210 plus $5,426 in prejudgment interest, and pay a penalty of $75,000.

In support of its Application, the Commission states as follows:

### INTRODUCTION

1. The Commission seeks by this Application to enforce an order of the Commission, which found that Fox willfully violated Sections 5(a) and 5(c) of the Securities Act.

2. Respondent has failed to satisfy the disgorgement order and civil penalties imposed upon him.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Joseph J. Fox, also known as Yosef Yehuda Fox, age 53, is a resident of Justice, Illinois.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under Section 20(c) of the Securities Act, and Sections 21(e)(1) and 27(a) of the Exchange Act.

6. Venue lies in the United States District Court for the Northern District of Illinois under Section 22(a) of the Securities Act and Section 27(a) of the Exchange Act. Respondent Fox is an "inhabitant" of this District.

## STATEMENT OF RELEVANT FACTS

7. On September 8, 2015, the Commission entered its Order Instituting Administrative and Cease-and-Desist Proceedings ("OIP") against Fox, pursuant to Section 8A of the Securities Act, and Section 15(b) of the Exchange Act. *See* Ex. 1.

8. This case stems from violations of the securities registration and broker-dealer registration requirements by Ditto Holdings, Inc. ("Ditto Holdings"), its Chief Executive Officer, Joseph J. Fox ("Fox") and its consultant, Marc Mandel ("Mandel"). From April 2009 through September 2013, Ditto Holdings raised approximately $10 million from over 200 investors through a series of unregistered common and preferred stock offerings. In connection with the offerings,

Ditto Holdings sold securities to more than 50 non-accredited investors in several offerings without providing those investors with financial statements or other financial information.

9. Fox led Ditto Holdings' capital raising efforts and was involved in every aspect of the securities offerings, including deciding when to raise capital, establishing the structure and the terms of the offerings, and locating investors. In addition, Fox sold approximately $1.25 million of Ditto Holdings' stock to roughly 28 investors for his own benefit during 2013. Fox did not provide the investors with access to registration equivalent information or take any steps to determine whether the investors were sophisticated beyond having them check a box in the stock purchase agreement.

10. In anticipation of the OIP and related proceedings, the Respondent submitted an Offer of Settlement ("Offer"), which the Commission accepted. As a result, and in connection with the OIP, the Commission imposed the sanctions agreed to in Respondent's Offer, which included an order for Fox to disgorge $125,210 plus $5,426 in prejudgment interest, and pay a penalty of $75,000.[1]

11. The Respondent did not seek review of the Order, and the time to do so has expired.

**ARGUMENT**

12. The Commission brings this proceeding under Section 20(c) of the Securities Act and 21(e)(1) of the Exchange Act. The Exchange Act authorizes the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in district courts.

13. Proceedings under the Exchange Act are summary in nature. *See e.g., SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659

---

[1] Additional proceedings followed to determine if any non-financial remedial sanctions would be ordered against Fox. The result of these proceedings is that he was barred from associating with any broker, dealer, investment adviser, among others.

(9th Cir. 2003). In *McCarthy,* the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

14. In such proceedings, the Respondent may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

15. These summary proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing the Respondent to show cause why this Court should not enter an order enforcing his compliance with the Commission Order.

II.

That the Court thereafter enter Judgment enforcing the Commission Order and requiring:

a. Fox to disgorge, $125,210 plus prejudgment interest of $5,426;

b. Fox to pay a civil penalty of $75,000;

c. Fox to pay interest accrued pursuant to SEC Rule of Practice 600 and 31 U.S.C. § 3137 from September 8, 2015, the date of the Order, to the date that this Court enters its order; and

d. Injunctive Relief.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

IV.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

VI.

That the Court order such other and further relief as may be just and proper.

Dated: July 27, 2020

Respectfully submitted,

s/ Christy J. White
CHRISTY J. WHITE
Assistant Chief Litigation Counsel
United States Securities and Exchange Commission
100 F Street, NE, Mail Stop 5628
Washington, DC 20549-5628
WhiteChr@SEC.gov
Telephone:  202.551.4502
Facsimile:  202.572.1372

Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission